The Attorney General has considered your opinion request wherein you ask the following question: Does state law prevent transfer of controlled dangerous substances from the original container in which they were dispensed to the ultimate user? In your opinion request, you referred to 63 O.S. 1-1402 [63-1-1402] (1971) which applies to drugs in general and provides in pertinent part as follows: "The following acts and the causing thereof within the State of Oklahoma are hereby prohibited: (h) the alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a drug, device, or a cosmetic, if such act is done while such article is held for sale and results in such article being adulterated or misbranded." Title 63 O.S. 1-1408 [63-1-1408] (1971) defines adulteration of drugs and 63 O.S. 1-1409 [63-1-1409] (1971) defines misbranding of drugs. Since these statutes apply only to drugs which are "held for sale," and since an ultimate user lawfully in possession of a prescription drug does not hold such drug for sale, these statutes would not prevent the ultimate user from removing a prescription drug from the original container distributed to him by the pharmacist or prescriber. However, 63 O.S. 2-314 [63-2-314] (1971) requires each manufacturer, pharmacist or practitioner who distributes or dispenses controlled dangerous substances to affix to each container a label conforming to the requirements of that statute. "A. Whenever a manufacturer or wholesaler distributes a controlled dangerous substance in a container prepared by him, he shall securely affix to each individual container in which that substance is contained a label showing in legible English the name and address of the vendor and the quantity, kind, and form of substance contained therein. B. Whenever a pharmacist dispenses any controlled dangerous substance he shall affix to each immediate container in which such substance is dispensed the prescription number, the date dispensed, the patient's name, the name of the doctor, name and address of the pharmacy for which he is lawfully acting; or, if the patient is an animal, the name of the owner of the animal and the words "for veterinary use only." C. Whenever a practitioner dispenses any controlled dangerous substance, he shall affix to each immediate container in which such substance is dispensed a label showing date dispensed, his name, his address, his state registration number, name of the patient, or, if the patient is an animal, the name of the owner of the animal. D. No person except a pharmacist for the purpose of filling a prescription shall alter, deface, or remove any label so affixed. Apparently, this statute has been interpreted, on occasion, as preventing transfer of controlled dangerous substances from the original container in which they were dispensed to the ultimate user. However, from a reading of 63 O.S. 1-314 [63-1-314] (1971), it is clear that that is a misinterpretation of the statute. The statute requires the manufacturer, pharmacist, and physician legally authorized to dispense controlled dangerous substances to accurately label those substances, the purpose being to prevent the delivery of mislabelled drugs to ultimate users. The rationale behind such a regulation is obvious and the regulation, therefore, is not only appropriate, but well within the regulatory power of the State. It is well settled that a state government can regulate the manufacture and/or sale of products such as drugs and, in particular, controlled dangerous substances. Such regulation may prevent the resale by an ultimate user, lawfully in possession of such a substance pursuant to a valid prescription. However, a law which would regulate the personal use of a controlled dangerous substance by placing restrictions on the container in which it can be carried by the ultimate user, does not require the manufacture or sale of such substance. Therefore, it is the opinion of the Attorney General that no state statute prevents the ultimate user, lawfully in possession of a controlled dangerous substance, from transferring that drug, after sale, to any container which he finds convenient for his purpose. (JOHN FISCHER) (ksg)